IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICKY A. WALKER, #158781
        Plaintiff
   v.                                                CIVIL ACTION NO. AMD-06-2207

SECRETARY OF PUBLIC SAFETY
        Defendant

...o0o...

MEMORANDUM

In this 42 U.S.C. § 1983 prisoner civil rights action Ricky A. Walker, an inmate housed at the Western Correctional Institution ("WCI") in Cumberland, Maryland, challenges "a prison policy that has . . . and continues to deny indigent inmates access to the legal system." Paper No. 1. He claims that on October 2, 2003, he gave a correctional officer outgoing mail, a sealed legal package to be sent to this court. *Id*. Plaintiff asserts that he attached a signed money voucher for legal mail postage because he had insufficient prison account funds and no stamps. *Id*. Despite assurance from a prison officer that the legal materials would be sent to the mailroom once the voucher was approved, five days later the legal package was returned to him for insufficient funds. *Id*. Plaintiff alleges that he immediately sought an enlargement of time from this court[1] and filed an administrative remedy, which was exhausted to the Inmate Grievance Office ("IGO"), where an administrative law judge dismissed the case. *Id*.

Now pending are plaintiff's motions for summary judgment and defendant's motion to dismiss or, in the alternative, motion for summary judgment. Paper Nos. 16, 20, & 25.[2] Paper No.

---

[1] Plaintiff does not cite to a particular district court case. He claims that due to the return of his legal package he missed an appellate filing deadline. Paper No. 1.

[2] Also pending are plaintiff's motion to correct unsigned pleadings and for order of default. Paper Nos. 19 & 23. The motions shall be denied. Plaintiff complains that the pleadings submitted by defendant are not signed. The documents are signed electronically. Next, plaintiff alleges that defendant did not file an answer

(continued...)

24.  The matter has been briefed and may be determined on the pleadings without oral hearing. *See* Local Rule 105.6. (D. Md. 2004).  For reasons to follow, defendant's motion to dismiss or for summary judgment, construed as a motion for summary judgement, shall be granted.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c).

Defendant argues that plaintiff has failed to state a claim upon which relief can be granted and he is entitled to judgment in his favor due to the absence of a genuine dispute of material fact. Plaintiff asserts that he was denied access to the courts.  To establish supervisory liability on the part of the Secretary, plaintiff must show that: (1) the Secretary had actual or constructive knowledge that his subordinates were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) the Secretary's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the Secretary's inaction and the particular constitutional injury suffered by plaintiff. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994).

---

[2](...continued)
in a timely manner, but defendant sought and was granted extensions of time to file an answer and timely filed same on February 16, 2007.

In his opposition, plaintiff states that the Secretary had actual and constructive knowledge because the Secretary received a copy of the IGO hearing decision on the indigency mail issue and because the Secretary was named as a respondent in his petition for judicial review of the IGO decision. These assertions fail to demonstrate supervisory liability on the part of defendant. Furthermore, the materials do not support plaintiff's Fourteenth Amendment access-to-courts claim. Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977); *Hudspeth v. Figgins*, 584 F.2d 1347 (4th Cir. 1978). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that *Bounds* stood essentially for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can devise, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

Plaintiff claims that on October 2, 2003, he unsuccessfully attempted to mail a legal package to this court, but the package was returned to him on October 7, 2003, for insufficient funds. He alleges that he was prejudiced as a result of the retention of his outgoing mail. This is not demonstrated by the case record or the record of this court.³ As noted by defendant, plaintiff does

---

³The exhibits submitted by the parties and the record of this court establish that on October 9, 2003, this court received a letter petition from plaintiff wherein he complained that his attempt to file an action regarding an ongoing double-celling problem had been impeded because, although he was without funds, officials at WCI were requiring him to complete a money voucher for postage. *See Walker v. Warden*, Civil Action No. AMD-03-2887 (D. Md.). The action was construed as a mandamus petition and dismissed on
(continued...)

not identify the contents of the legal package, nor does he specify how the delay caused him particular injury.[4]

The record shows, at best, a single incident where plaintiff's legal mail was held and returned to him. The record further shows that plaintiff's legal mail continues to be processed and filed with the court in this and other cases.[5] In sum, plaintiff has failed to project evidence supporting his claim that the Department of Public Safety and Correctional Services policy for the processing of indigent mail continues to cause him real injury. Plaintiff has failed to establish an access-to-courts deprivation.

For the above reasons, defendant's motion for summary judgment shall be granted. An Order follows.

Filed: June 21, 2007                                   /s/
                                                 Andre M. Davis
                                                 United States District Judge

---

[3](...continued)
October 17, 2003, the court finding that it had no authority to compel prison officials to provide plaintiff postage or to mail his complaint. The court further found that as plaintiff had only sought an extension of time to file a future complaint and did not file a complaint or raise a particular claim, there was no case or controversy before the court.

[4]In his opposition, plaintiff claims that he wrote the warden at the former Maryland House of Correction Annex on October 14, 1999, to complain about the stress of double-celling and that when no relief subsequently came, he refused double-celling several times and was placed on disciplinary segregation for a year. Paper No. 14. Affording this *pro se* assertion a generous construction, it would appear that plaintiff is alleging that the October 7, 2003, return of his legal package caused him to miss a statute of limitations filing deadline for submitting a federal complaint regarding the aforementioned issues. The court finds such an argument unavailing. First, plaintiff has failed to provide evidence showing that his complaint was indeed subject to timeliness issues given dates of accrual and potential equitable tolling and mailbox rule arguments. Second, plaintiff was able to file a letter petition with this court on or about October 9, 2003, but did not attempt to present his double-celling and/or segregation claims.

[5]*See Walker v. Galley,* Civil Action No. AMD-05-67 (D. Md.); *Walker v. Galley,* Civil Action No. AMD-06-228 (D. Md.); *Walker v. Galley,* Civil Action No. AMD-06-288 (D. Md.); and *Walker v. Secretary of Public Safety and Correctional Services* , Civil Action No. AMD-06-2101 (D. Md.).